10-1340-cv
Alleva v. New York City Department of Investigation


# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of March, two thousand eleven.

PRESENT:
　　　　　DENNIS JACOBS,
　　　　　　　　　*Chief Judge,*
　　　　　PIERRE N. LEVAL,
　　　　　REENA RAGGI,
　　　　　　　　　*Circuit Judges.*
_____

John Alleva,
　　　　　*Plaintiff-Appellant,*

　　　　　-v.-                                    10-1340-cv

New York City Department of Investigation,
　　　　　*Defendant-Appellee.*
_____

FOR APPELLANT:　　　　John Alleva, *pro se*, Staten Island, NY.

FOR APPELLEE:　　　　Kristin M. Helmers and Norman Corenthal, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

　　　**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant John Alleva, *pro se*, appeals from the March 16, 2010 judgment of the United States District Court for the Eastern District of New York (Block, *J.*) granting the Appellee's motion for summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews an order granting summary judgment *de novo* and focuses on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

After reviewing the appellant's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion. We have considered all of the appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk